2014 ND 57

**Randy HOLKESVIG, Plaintiff and Appellant**

v.

**Gary GROVE, Defendant and Appellee.**

No. 20130176.

Supreme Court of North Dakota.

April 3, 2014.

Randy Holkesvig, Fargo, N.D., plaintiff and appellant; submitted on brief.

Daniel L. Gaustad, Grand Forks, N.D., for defendant and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] Randy Holkesvig appeals from district court orders denying him leave of court to file post-judgment motions, denying his motion to vacate or void judgment, and ordering the Grand Forks County Clerk of Court not to accept any further pleadings of any kind from him in this case, other than a notice of appeal. We affirm, concluding the district court did not abuse its discretion in entering the orders.

I

[¶ 2] After Holkesvig pleaded guilty to stalking in 2008, Holkesvig engaged in extensive litigation against various parties, including unsuccessfully suing the complaining witness, two prosecutors, and a deputy sheriff, and alleging wrongdoing in the criminal investigation and prosecution. *See Holkesvig v. Moore*, 2013 ND 2, 828 N.W.2d 546; *Holkesvig v. Welte*, 2012 ND 236, 823 N.W.2d 786; *Holkesvig v. Grove*, 2012 ND 208, 823 N.W.2d 786; *Holkesvig v. Welte*, 2012 ND 142, 818 N.W.2d 760; *Holkesvig v. Welte*, 2012 ND 14, 809 N.W.2d 323; *Holkesvig v. Moore*, 2011 ND 199, 806 N.W.2d 438; *Holkesvig v. Welte*, 2011 ND 161, 801 N.W.2d 712. Holkesvig also unsuccessfully sought post-conviction relief from the consequences of his guilty plea to stalking. *Holkesvig v. State*, 2013 ND 1, 828 N.W.2d 546.

[¶ 3] In 2011, Holkesvig sued Gary Grove, a sergeant with the Grand Forks County Sheriff's Department, essentially alleging misconduct and negligent supervision of a sheriff's deputy during the criminal investigation. *Grove*, 2012 ND 208, ¶ 2, 823 N.W.2d 786. The district court granted summary judgment in Grove's favor, concluding Holkesvig's claims were frivolous, and ordered him to pay costs and attorney fees. *Id.* The court also entered orders denying Holkesvig's numerous post-judgment motions and prohibiting him from filing any further motions or pleadings in this case. *Id.* This Court summarily affirmed the judgment and the orders denying his post-judgment motions and prohibiting him from filing further motions and pleadings in this case. *Grove*, 2012 ND 208, ¶ 3, 823 N.W.2d 786.

[¶ 4] After his prior appeal, however, Holkesvig continued in 2013 to file post-judgment motions and attachments in the district court, including motions for leave of court, motions to vacate or void the judgment, motions for leave to file a motion for reconsideration, a motion to recuse, and other various complaints including against the sheriff and a judge. Holkesvig also filed voluminous documents and attachments, containing copies of previously filed documents. The district court thereafter entered further orders on April 9, 2013, and May 13, 2013, denying Holkesvig leave to file any post-

judgment motions and denying his motion to vacate or void the judgment.

[¶ 5] The district court found the motions presented nothing that had not previously been addressed or considered, failed to set forth any valid basis to vacate the prior judgment under N.D.R.Civ.P. 60(b), and the arguments were repetitive and had already been ruled on. In its May 2013 order, the court also ordered the Grand Forks County Clerk of Court not to accept any further pleadings of any kind from Holkesvig in this case, other than a notice of appeal. The court observed that Holkesvig had repeatedly filed voluminous pleadings and exhibits that did not state new claims that would give rise to relief and that Holkesvig continuously alleges that almost every police officer, prosecutor, judge, or court employee has treated him unfairly. The court explained that this is an "extreme case that has become burdensome to the court system" and that this case and prior cases demonstrate Holkesvig will continue to file pleadings.

[¶ 6] Holkesvig appealed from both the April 2013 and May 2013 orders.

## II

[¶ 7] Generally, this Court reviews orders enjoining certain future litigation under the abuse of discretion standard. *See Holkesvig v. Welte*, 2012 ND 142, ¶ 6, 818 N.W.2d 760; *Federal Land Bank of St. Paul v. Ziebarth*, 520 N.W.2d 51, 56 (N.D.1994). After the district court has issued such an injunction, the court's denial of a motion for leave to file further lawsuits or pleadings is akin to the denial of a motion for leave to amend a complaint, which we also review for an abuse of discretion. *Welte*, 2012 ND 142, ¶ 6, 818 N.W.2d 760; *Johnson v. Hovland*, 2011 ND 64, ¶ 8, 795 N.W.2d 294.

[¶ 8] Additionally, we have said that a party moving for relief under N.D.R.Civ.P. 60(b) has the burden to establish "sufficient grounds for disturbing the finality of the decree," and a district court should grant relief "only in exceptional circumstances." *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 10, 609 N.W.2d 90. This Court will not reverse the district court's decision under N.D.R.Civ.P. 60(b) absent an abuse of discretion. *Brigham Oil & Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 46, 801 N.W.2d 677. A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Brigham Oil & Gas*, at ¶ 46; *Hovland*, 2011 ND 64, ¶ 8, 795 N.W.2d 294.

## III

[¶ 9] Holkesvig raises numerous issues on appeal, including that the district court did not lawfully dismiss his March 11, 2013, motion to vacate and/or void judgment; that the district court abused its discretion; that subject matter jurisdiction was violated relevant to the 2012 opinion and 2013 orders; that fraud upon the court occurred to corrupt and cover up the 2012 rulings with frivolous rulings in 2013; that his constitutional and due process claims have merit; that misapplication of a trust account, fraud and deceit from 2012 conflicts with jurisprudence in 2013; that an oral hearing was legally requested and illegally denied; and that he was denied access to the court from April 18, 2013, in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

[¶ 10] In response to Holkesvig's myriad of issues, Grove responds that res judicata precludes Holkesvig's arguments; that the district court properly denied

Holkesvig's post-judgment motions; that Holkesvig's arguments regarding misapplication of a trust account, fraud and deceit are factually without merit and are irrelevant; that Holkesvig was not entitled to oral argument on his motions because Holkesvig did not obtain leave from the district court to file the motion; and that Holkesvig's appeal is frivolous, warranting an award of just damages and double costs, including reasonable attorney fees.

## A

[¶ 11] Generally, "[t]he doctrines of res judicata and collateral estoppel bar courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources." *Ungar v. North Dakota State Univ.*, 2006 ND 185, ¶ 10, 721 N.W.2d 16. Whether res judicata or collateral estoppel applies presents a question of law, which is fully reviewable on appeal. *Id.*

[¶ 12] "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Id.* at ¶ 11. "[R]es judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to their parties and their privies in all other actions." *Id.* "Res judicata applies even if subsequent claims are based upon a different legal theory." *Id.* "Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action." *Id.*

Under res judicata and collateral estoppel, only parties or their privies are bound by the prior proceedings. *Id.*

[¶ 13] On the basis of our review of the record, we conclude the issues raised by Holkesvig are either barred by res judicata or collateral estoppel, are frivolous, or are wholly unrelated to his claims against the defendant Grove that were previously dismissed by summary judgment and affirmed in the prior appeal of this case. *Grove*, 2012 ND 208, ¶ 3, 823 N.W.2d 786. Holkesvig also argues, however, that the district court's orders entered on March 29, 2012, and June 22, 2012, while his prior appeal in this case was pending, were issued without subject matter jurisdiction and should be void and vacated in this appeal.

[¶ 14] In one order filed March 29, 2012, the court disposed of numerous post-judgment motions Holkesvig had filed subsequent to the court's entry of judgment after granting summary judgment in Grove's favor, including a motion for relief from judgment because the summary judgment does not support the judicial rulings or findings, another motion for relief from judgment, an objection to costs, a motion to stay proceedings pending his post-conviction relief, a motion for new trial, a motion for relief from neglect of duty, and a motion that the district court follow the North Dakota statutes and rules of civil procedure where facts and/or law are at issue. In the March 29, 2012, order regarding any future filing, the court prohibited Holkesvig from filing further motions or pleadings in the district court in this case unless this Court remanded the case, and relieved Grove from responding to any further motion in the district court unless the court requests a response. In the June 22, 2012, order, the court denied Holkesvig's additional motions as failing to present a legal claim with merit, including

Holkesvig's request for permission to file documents and supply facts alleging Grove's attorney misappropriated trust money, misuse of a trust account, and that the attorney lied and deceived Holkesvig, so designated as a motion to vacate judgment because of fraud upon the court, deceit, and misuse of a trust account. The court also denied Holkesvig's request to file an objection to partial satisfaction of judgment of dismissal.

[¶ 15] Holkesvig contends the district court's March 2012 orders, entered after he filed his first notice of appeal filed on March 26, 2012, required him to file a second notice of appeal on April 24, 2012, and the June 22, 2012 order issued by the district court was also entered without jurisdiction because his prior appeals were pending. Although Holkesvig's present appeal involves the district court's April 2013 and May 2013 orders, Holkesvig argues the district court in its 2013 orders relied heavily on the related Holkesvig appeal cases and issues he raised in 2012. He also contends he obtained and filed ample new evidence after his 2012 appeals that can be used in this appeal. However, it is unclear from his argument why the district court would have been without jurisdiction to issue the 2013 orders presently on appeal or, more importantly, why the district court would not have had subject matter jurisdiction to enter the previously affirmed summary judgment in this case. Nonetheless, we address his contention the district court was divested of jurisdiction upon his filing of a notice of appeal.

B

[¶ 16] We have explained that, generally, the district court loses jurisdiction when a notice of appeal is filed. *See, e.g., Investors Title Ins. Co. v. Herzig,* 2011 ND 7, ¶ 6, 793 N.W.2d 371; *Siewert v. Siewert,* 2008 ND 221, ¶ 30, 758 N.W.2d 691; *Peters–Riemers v. Riemers,* 2003 ND 96, ¶ 16, 663 N.W.2d 657; *Wilson v. Koppy,* 2002 ND 179, ¶ 6, 653 N.W.2d 68. However, there are exceptions to this rule:

"It is well settled in this State that an appeal does not operate to stay proceedings for the enforcement of a judgment." *Verry v. Murphy,* 163 N.W.2d 721, 725 (N.D.1968). The "enforcement of an order or judgment pending an appeal is 'an independent collateral proceeding,' and the appellate proceeding proper remains unaffected thereby." *Bonde v. Stern,* 72 N.D. 476, 483, 8 N.W.2d 457, 461 (1943) (internal citation omitted). . . .

Courts have defined a "collateral matter" for which a lower court retains jurisdiction to act after a notice of appeal has been filed as a matter that "lies outside the issues in an appeal or arises subsequent to the judgment from which an appeal was taken." *In re Marriage of Brackett* [309 Ill.App.3d 329, 242 Ill. Dec. 798], 722 N.E.2d 287, 293 (1999); *see also Matter of Denaro's Estate* [112 Ill.App.3d 872, 68 Ill.Dec. 455], 445 N.E.2d 1308, 1312 (1983) ("Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from.") A proceeding on a matter collateral to the appeal may have a "potential effect on the appeal, if the proceeding could or would have occurred regardless of the outcome of the appeal," and may even "render the appeal moot." *Varian Med. Sys., Inc. v. Delfino* [35 Cal.4th 180, 25 Cal. Rptr.3d 298], 106 P.3d 958, 965 (2005). In *TSA Int'l Ltd. v. Shimizu Corp.* [92 Hawai'i 243], 990 P.2d 713, 736 (1999), the court held that a circuit court retained jurisdiction during the pendency of an appeal to expunge a lis pendens because the action "was an exercise of the circuit court's power to enforce its judgment."

*Herzig,* 2011 ND 7, ¶¶ 6–7, 793 N.W.2d 371. Thus, the district court retains certain inherent authority or power, and thus jurisdiction, to address certain collateral matters in order to act after a notice of appeal has been filed.

[¶ 17] We have also explained that a court has the inherent authority to stem the abuses of the judicial process. *Ziebarth,* 520 N.W.2d at 58. This authority comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but also "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." *Ziebarth,* at 58. As this Court further explained, the "court has the 'responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others,'" and "the rule applies with equal force to *pro se* litigants, 'for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Id.* It is, thus, axiomatic that after a notice of appeal is filed, a district court is not divested of jurisdiction regarding the court's inherent authority or power to control its docket. Although a court is generally divested of jurisdiction over a case when a notice of appeal is filed, the court retains jurisdiction to control its docket, so as to stem abuses of the judicial process from vexatious and meritless litigation.

[¶ 18] Here, Holkesvig has continued to engage in a clear pattern of frivolous, repetitious litigation. For example, in *Welte,* 2012 ND 142, ¶¶ 14–16, 818 N.W.2d 760, involving a different district court judge and related lawsuits, this Court affirmed the court's October 2011 order, which had modified a March 2011 order, prohibiting Holkesvig from filing any law-

suits relating to his underlying stalking conviction. As we said:

> The district court's March 2011 order stated:
>
> [U]nless prior and express leave of court approval is first obtained, Holkesvig shall hereafter be barred and enjoined from commencing any new lawsuits or causes of action, in any district court of the State of North Dakota, that arises from or relates to any of the following:
>
> > a. Holkesvig's 2008 stalking conviction and charge for violating a disorderly conduct restraining order . . . ;
> >
> > b. The 2008 and 1998 disorderly conduct restraining orders obtained against Holkesvig and in favor of Heather Eastling and Christine Moore . . . ;
> >
> > c. The lawsuit Holkesvig has brought against Christine Moore . . . ;
> >
> > d. *The lawsuit Holkesvig has brought against Gary Grove . . .* ; or
> >
> > e. This lawsuit.
>
> The October 2011 order modified the March 2011 order "by eliminating the exception for proceedings commenced with leave of court. In all other respects, [the March 2011 order] remains in effect."

*Id.* at ¶ 14 (emphasis added).

[¶ 19] Nonetheless, rather than commencing a new lawsuit or cause of action, Holkesvig simply continued in 2013 to file frivolous, repetitive pleadings and documents in this case. To the extent that Holkesvig argues in the present appeal that the district court in this case was without subject matter jurisdiction to issue its March 2012 and June 2012 orders while his earlier appeal was pending, *see Grove,* 2012 ND 208, ¶ 3, 823 N.W.2d 786, we conclude the court retained jurisdiction to enter those orders under its inherent power to control its docket and enjoin abusive

litigation. However, to the extent that the district court's orders in March and June 2012 addressed more than "collateral matters" in attempting to control its docket and exceeded its jurisdiction, we believe that under these facts and circumstances it is of no effect in that the district court's prior summary judgment determined Holkesvig's claims against Grove to be frivolous and the court's orders issued in 2013 were in fact entered with jurisdiction. We, therefore, conclude that Holkesvig's arguments that the district court acted without subject matter jurisdiction, somehow entitling him to relief from the previously entered judgment, are without merit.

[¶ 20] We conclude that in entering the 2013 orders on appeal in this case, the district court did not act in an arbitrary, unreasonable, or unconscionable manner, did not misinterpret or misapply the law, and its decision was the product of a rational mental process leading to a reasoned determination. We further conclude the district court did not abuse its discretion in denying him relief under N.D.R.Civ.P. 60(b). We therefore hold the court did not abuse its discretion in denying Holkesvig leave of court to file post-judgment motions, in denying his motion to vacate or void judgment, and in ordering the Grand Forks County Clerk of Court not to accept any further pleadings from him in this case, other than a notice of appeal. Because the court did not abuse its discretion in entering the 2013 orders, we affirm the orders.

### IV

[¶ 21] We have considered Holkesvig's remaining issues and arguments and find that they are either unnecessary to our decision or without merit. The district court orders are affirmed. We order Holkesvig to pay double costs and $1,000 in attorney fees for this appeal under N.D.R.App.P. 38.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 23] The Honorable Lisa Fair McEvers was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Mary Muehlen Maring, sitting.