2016 ND 107

**Randy HOLKESVIG, Plaintiff and Appellant**

**v.**

**Gerald VANDEWALLE, individually and as Chief Justice of the North Da-** kota Supreme Court, and the State of North Dakota, Defendants and Appellees.

No. 20150246.

Supreme Court of North Dakota.

June 2, 2016.

Randy Holkesvig, self-represented, Fargo, N.D., plaintiff and appellant; on brief.

Douglas A. Bahr, Assistant Attorney General, Office of the Attorney General, Bismarck, N.D., for defendants and appellees; on brief.

McEVERS, Justice.

[¶ 1] Randy Holkesvig appeals a district court's judgment dismissing his claims and an order denying his motion for relief. Because the district court appropriately determined Holkesvig violated an order prohibiting him from filing further lawsuits that arise or relate to his 2008 stalking charge and charge for violating a disorderly conduct restraining order, we affirm.

I.

[¶ 2] This case is yet another in an endless stream of repetitive actions stemming from Holkesvig's 2008 stalking charge to which he pled guilty. Under a negotiated plea agreement, Holkesvig pled guilty to stalking in exchange for dismissal of an additional charge for violating a disorderly conduct restraining order. *Holkesvig v. Welte*, 2011 ND 161, ¶ 3, 801 N.W.2d 712. In addition to bringing numerous other actions, Holkesvig petitioned for post-conviction relief from the consequences of his pleading guilty to stalking, which was denied by the district court and summarily affirmed by this Court. *See Holkesvig v. State*, 2013 ND 1, ¶ 2, 828 N.W.2d 546.

[¶ 3] Holkesvig sued Gerald VandeWalle, individually and as Chief Justice of the North Dakota Supreme Court, and the State of North Dakota. In his complaint, Holkesvig alleged numerous claims, including, obstruction of justice, defamation, corruption, deceit, fraud, false statements, breach of duty, conspiracy, collusion, racketeering, obstruction, and North Dakota

constitutional violations. Holkesvig's ultimate grievance appears to, at least in part, arise from a misstatement of the procedural facts in *Holkesvig v. State*, where we stated, "Holkesvig's guilty plea was accepted by the district court in 2008 as part of a negotiated plea agreement between his lawyer and the State, which agreement included the State dropping charges that Holkesvig violated a *domestic violence protection order*." *Id.* at ¶ 1. (Emphasis added.)

[¶ 4] The State moved to dismiss on the ground that Holkesvig had not complied with this Court's order in *Holkesvig v. Rost*, 2015 ND 67, ¶ 4, 861 N.W.2d 488. Particularly, the State argued Holkesvig's failure to comply with this Court's order in *Rost*, ordering that Holkesvig may not commence any actions in North Dakota state courts without prior approval of the presiding district court judge of the Northeast Central Judicial District or his designee, required dismissal of the action. The State argued this Court's order in *Rost* was a jurisdictional prerequisite requiring dismissal under N.D.R.Civ.P. 12(b)(1). In the alternative, the State argued that this Court's order in *Rost* was a prerequisite to state a claim upon which relief can be granted and requested dismissal under N.D.R.Civ.P. 12(b)(6).

[¶ 5] Holkesvig responded to the State's motion, arguing that the *Rost* decision did not bind him, because the case had not yet been mandated at the time he filed this action. Holkesvig raised other arguments not relevant to this decision.

[¶ 6] The district court dismissed Holkesvig's lawsuit on the ground it lacked subject-matter jurisdiction over his claims. Holkesvig moved for relief from the district court's judgment. The district court denied Holkesvig's motion for failure to

comply with N.D.R.Ct. 3.2 and N.D.R.Civ. P. 60(b). Holkesvig timely appealed the district court's judgment and the order denying his motion for relief from judgment.

## II

[¶ 7] The State moved to dismiss on the ground Holkesvig failed to comply with this Court's order in *Rost*, resulting in either a lack of subject-matter jurisdiction under N.D.R.Civ.P. 12(b)(1) or a failure to state a claim on which relief could be granted under N.D.R.Civ.P. 12(b)(6). Holkesvig argues, among numerous other assertions, that the district court erred by dismissing his claims for lack of subject-matter jurisdiction.

[¶ 8] "Subject-matter jurisdiction is derived from the constitution and the laws...." *Winter v. Solheim*, 2015 ND 210, ¶ 6, 868 N.W.2d 842. "The question of subject matter jurisdiction is a question of law, which we review de novo, when jurisdictional facts are not in dispute." *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 57, 785 N.W.2d 863.

[¶ 9] Article VI, section 8, of the North Dakota Constitution provides, in part, "The district court shall have original jurisdiction of all causes, except as otherwise provided by law...." Section 27–05–06, N.D.C.C., governs the district court's powers and jurisdiction:

The district courts of this state have the general jurisdiction conferred upon the courts by the constitution, and in the exercise of that jurisdiction the courts have power to issue all writs, process, and commissions provided therein or by law or which may be necessary for the due execution of the powers with which the courts are vested. The courts have:

1. Common-law jurisdiction and authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property.

2. Power to hear and determine all civil actions and proceedings.

3. All the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carrying into effect the courts' judgments, orders, and other determinations, subject to a reexamination by the supreme court as provided by law.

[¶ 10] Neither the North Dakota Constitution, nor the North Dakota Century Code provide this Court with the power to divest district courts of subject-matter jurisdiction. *See* N.D. Const. art. VI, § 8; N.D.C.C. § 27–05–06.

[¶ 11] In *Rost*, this Court limited Holkesvig's ability to commence any actions in North Dakota state courts directly relating to his abuse of judicial process:

In view of Holkesvig's continued and clear pattern of bringing frivolous and repetitious litigation *we order that he may not commence any actions in North Dakota state court* without prior approval of the presiding district court judge of the Northeast Central Judicial District, or his designee. Actions involving the subject matter of or the defendants in his cases listed above may not be approved. Repetitive or frivolous actions may not be approved.

2015 ND 67, ¶ 4, 861 N.W.2d 488 (emphasis added). To the extent our holding in *Rost* was interpreted by the district court to deprive the district court of subject-matter jurisdiction, that interpretation is inaccurate. This Court does not have the power to divest district courts of subject-

matter jurisdiction. We do, however, have the inherent authority to control dockets to stem abuses of the judicial process and to maintain the integrity of the court. *Holkesvig v. Grove*, 2014 ND 57, ¶ 17, 844 N.W.2d 557; *Federal Land Bank of St. Paul v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994); *see also* N.D. Const. art. VI, § 2 ("The supreme court shall be the highest court of the state."); N.D.C.C. § 27–02–05 ("The supreme court is vested with full power and authority necessary to carry into complete execution all its judgments, decrees, and determinations in the matters over which it has jurisdiction and for the exercise of its jurisdiction as the supreme judicial tribunal of this state.").

[¶ 12] In *Rost*, we did not divest the district court of subject-matter jurisdiction over claims brought by Holkesvig; rather, we enjoined Holkesvig from "commenc[ing] any actions in North Dakota state court without prior approval of the presiding district court judge of the Northeast Central Judicial District, or his designee," based on his "clear pattern of bringing frivolous and repetitious litigation" that constitute an abuse of judicial process. 2015 ND 67, ¶ 4, 861 N.W.2d 488; *see generally Holkesvig v. Hutton*, 2015 ND 48, 861 N.W.2d 172; *Holkesvig v. Grove*, 2014 ND 57, 844 N.W.2d 557; *Holkesvig v. Moore*, 2013 ND 2, 828 N.W.2d 546; *Holkesvig v. State*, 2013 ND 1, 828 N.W.2d 546; *Holkesvig v. Welte*, 2012 ND 236, 823 N.W.2d 786; *Holkesvig v. Grove*, 2012 ND 208, 823 N.W.2d 786; *Holkesvig v. Welte*, 2012 ND 142, 818 N.W.2d 760; *Holkesvig v. Welte*, 2012 ND 14, 809 N.W.2d 323; *Holkesvig v. Moore*, 2011 ND 199, 806 N.W.2d 438; *Holkesvig v. Welte*, 2011 ND 161, 801 N.W.2d 712.

[¶ 13] In addition, the *Rost* decision was not an appropriate basis to dismiss Holkesvig's complaint. The opinion in *Rost* was issued March 24, 2015, subject to petition for rehearing. *See* N.D.R.App.P. 40(a)(1) (allowing fourteen days after entry of judgment to file a petition for rehearing). Holkesvig filed the complaint in this action on March 31, 2015. Holkesvig filed a petition for rehearing in *Rost* staying the mandate that ultimately issued on June 4, 2015. *See* N.D.R.App.P. 41(d) (providing the timely filing of a petition for rehearing stays the mandate until disposition of the petition). Holkesvig was not bound by this Court's order in *Rost* until the mandate was issued.

[¶ 14] In granting the State's motion to dismiss, the district court concluded:

Here, Holkesvig's Complaint is based on an opinion issued in *Holkesvig v. State*, 2013 ND 1, ¶ 1, 828 N.W.2d 546, wherein the North Dakota Supreme Court affirmed a district court's summary dismissal of his post-conviction relief action in which he sought relief from his 2008 guilty plea for stalking. It is clear that this is another frivolous action stemming from his 2008 conviction. As a result, because ... there has been no approval from the Northeast Central Judicial District Court, this Court lacks subject-matter jurisdiction to hear his claims.

[¶ 15] The district court erred in concluding it lacked subject-matter jurisdiction over Holkesvig's claims based on our order in *Rost*. However, the district court made other dispositive conclusions that support its order dismissing the complaint. The district court has inherent authority to stem abuse of judicial process and power to control its docket. *Holkesvig v. Grove*, 2014 ND 57, ¶ 17, 844 N.W.2d 557. While the *Rost* decision was not yet binding on Holkesvig because it had not yet mandated, this Court previously affirmed a district court order prohibiting Holkesvig from filing any lawsuits relating to his underlying stalking charge. *See Holkesvig v. Welte*, 2012 ND 142, ¶¶ 14–16,

818 N.W.2d 760. We affirmed an order stating:

> Unless prior and express leave of court approval is first obtained, Holkesvig shall hereafter be barred and enjoined from commencing any new lawsuits or causes of action, in any district court of the State of North Dakota, that arises from or relates to any of the following:
>
> a. Holkesvig's 2008 stalking conviction and charge for violating a disorderly conduct restraining order
>
> . . .

*Id.* at ¶ 14. In this case, the district court's order found Holkesvig's complaint was based on an opinion affirming summary dismissal of his post-conviction relief action in which he sought relief from his 2008 guilty plea for stalking. The district court further found, "It is clear that this is another frivolous action stemming from his 2008 conviction." We have said, "[W]e will not set aside a trial court's decision merely because the court applied an incorrect reason, if the result is the same under the correct law and reasoning." *Des Lacs Valley Land Corp. v. Herzig*, 2001 ND 17, ¶ 11, 621 N.W.2d 860 (citing *State Bank & Trust v. Brekke*, 1999 ND 212, ¶ 8, 602 N.W.2d 681). The district court applied an improper rationale in reaching its conclusion. However, the dismissal was proper because Holkesvig failed to comply with the order in *Welte*, which barred him from filing claims related to the 2008 stalking charge without express leave of court. *Welte*, 2012 ND 142, ¶ 14, 818 N.W.2d 760.

### III

[¶ 16] Holkesvig argues the district court erred in denying his motion for relief. Although Holkesvig did not specify a ground for relief in his motion, the district court treated Holkesvig's motion as one brought under N.D.R.Civ.P. 60(b).

[¶ 17] "On appeal from a district court's denial of a motion for relief from a final judgment or order under N.D.R.Civ.P. 60(b), a party must show the district court abused its discretion." *Anderson v. Baker*, 2015 ND 269, ¶ 6, 871 N.W.2d 830. "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *Id.*

[¶ 18] Rule 60(b), N.D.R.Civ.P., provides:

> *Grounds for Relief from a Final Judgment or Order.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

[¶ 19] Rule 3.2(a)(1), N.D.R.Ct., requires a party to provide notice to opposing parties when filing a motion with the district court:

> (a) *Submission of Motions.*

(1) Notice. Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested.

In denying Holkesvig's motion for relief, the district court found:

No Notice was filed with Holkesvig's Motion for Relief.

Additionally, Holkesvig has failed to identify the rule under which his motion is filed. Rule 60(b) of the North Dakota Rules of Civil Procedure outlines instances when a party may be relieved from a court's order. N.D.R.Civ.P. 60(b). However, Holkesvig has not identified which ground applies to his claim for relief. Moreover, it appears that Holkesvig is attempting to use a Motion for Relief to supplement and reargue the issue previously addressed. Such actions are inappropriate in the contexts of a Motion for Relief. *See* [ ] *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999); *see also* [ ] *Brooks v. Ferguson–Florisant* [*Ferguson–Florissant*] *Sch. Dist.,* 113 F.3d 903, 9[0]4 (8th Cir. 1997).

[¶ 20] Because Holkesvig failed to notice his motion for relief, and because he attempted to use the motion to reargue issues that were previously resolved, we conclude the district court did not abuse its discretion in denying Holkesvig's motion for relief.

### IV

[¶ 21] While we do not address the merits of Holkesvig's claims, a review of the record reflects that, in exchange for Holkesvig's guilty plea, the State agreed to drop charges that he violated a disorderly conduct restraining order, not a domestic violence protection order. However, the misstatement had no substantive impact on our per curiam opinion, summarily affirming the denial of his application for post-conviction relief. *Holkesvig,* 2013 ND 1, ¶ 2, 828 N.W.2d 546.

[¶ 22] When Holkesvig petitioned for rehearing, he failed to bring the misstatement to our attention in his petition. Had Holkesvig brought the misstatement to our attention at the proper time, and in a proper manner, the incorrect description of the charge could have been timely corrected. The petition for rehearing is the proper means to afford us an opportunity to correct factual misstatements. *See Hillerson v. Bismarck Public Schools,* 2013 ND 193, ¶ 44, 840 N.W.2d 65 (granting a petition for rehearing for the sole purpose of correcting a misstatement not having any substantive impact on the original opinion). However, because the matter has now come to our attention, the factual error will be corrected in the published opinion.

### V

[¶ 23] We affirm the district court's judgment. We further order correction of the published opinion in *Holkesvig,* 2013 ND 1, ¶ 1, 828 N.W.2d 546, as set forth in this opinion.

[¶ 24] DALE V. SANDSTROM, Acting C.J., GARY H. LEE, Dist. Judge, DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

[¶ 25] The Honorable GARY H. LEE, D.J., sitting in place of VANDEWALLE, C.J., disqualified.