Filed 6/2/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 109

Randy Holkesvig, Plaintiff and Appellant

v.

Mary Muehlen Maring, in her Individual 

capacity and official capacity as a 

former North Dakota Supreme Court Justice 

and currently sitting as a Surrogate Judge, 

and the State of North Dakota, Defendants and Appellees

No. 20150247

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Per Curiam.

Randy Holkesvig, self-represented, P.O. Box 82, Fargo, N.D. 58107-0082, plaintiff and appellant; on brief.

Douglas A. Bahr, Office of the Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501-4509, for defendants and appellees; on brief.

Holkesvig v. Maring

No. 20150247

Per Curiam.

[¶1] Randy Holkesvig appeals from a judgment dismissing his complaint against the State and former Justice Mary Muehlen Maring and from a district court order denying his motion for relief.  The district court dismissed Holkesvig’s complaint under N.D.R.Civ.P. 12(b), concluding it did not have jurisdiction because Holkesvig did not comply with the procedural requirements established in 
Holkesvig v. Rost
, 2015 ND 67, ¶ 4, 861 N.W.2d 488.  Holkesvig moved for relief, and the district court denied his motion because Holkesvig did not file and serve notice of the motion as N.D.R.Ct. 3.2 requires and he failed to identify the rule under which he moved for relief.  Holkesvig argues the district court erred in dismissing his complaint, because a petition for rehearing was still pending in 
Rost
 and a mandate had not been issued when the State moved to dismiss.  He also argues the court erred in denying his motion for relief.  We recently addressed these arguments in 
Holkesvig v. VandeWalle
, 2016 ND 107.  We summarily affirm under N.D.R.App.P. 35.1(a)(4), (6), and (7).

[¶2] Dale V. Sandstrom, Acting C.J.

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Ronald E. Goodman, S.J.

[¶3] The Honorable Ronald E. Goodman, S.J., sitting in place of VandeWalle, C.J., disqualified.