2017 ND 93

**Tilmer Paul EVERETT, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee**

No. 20160160

Supreme Court of North Dakota.

Filed 4/25/2017

Rehearing Denied May 16, 2017

Tilmer Everett, self-represented, P.O. Box 5521, Bismarck, N.D. 58506–5521, petitioner and appellant; on brief.

Tessa M. Vaagen, Assistant State's Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent and appellee; on brief.

McEvers, Justice.

[¶ 1] Tilmer Everett appeals from an order denying him leave of court for further filings entered after he moved for permission to file what he claims is newly discovered evidence and an application for post-conviction relief. Everett is subject to an injunctive order barring him from future filings without the district court's approval. We conclude the order denying him leave of court is not an appealable order. We dismiss the appeal.

I

[¶ 2] In 2007 Everett was convicted of gross sexual imposition after a jury found him guilty, and this Court summarily affirmed his criminal judgment on appeal. State v. Everett, 2008 ND 126, 756 N.W.2d 344. Everett has since filed numerous post-conviction relief applications, which have been denied and upheld on appeal. See Everett v. State, 2016 ND 78, 877 N.W.2d 796; Everett v. State, 2015 ND 162, 870 N.W.2d 26; Everett v. State, 2012 ND 189, 821 N.W.2d 385; Everett v. State, 2011 ND 221, 806 N.W.2d 438; Everett v. State, 2010 ND 226, 795 N.W.2d 37; Everett v. State, 2010 ND 4, 789 N.W.2d 282; Everett v. State, 2008 ND 199, 757 N.W.2d 530; see also State v. Everett, 2014 ND 191, 858 N.W.2d 652.

[¶ 3] On August 6, 2015, the district court entered an order finding Everett's filings repetitive, excessive, and cumbersome and barring Everett from future filings without leave of the court:

[H]e may not file any further motions or pleading in or related to his criminal action 08–06–K–1026 at the district court level, except after seeking and receiving approval of the presiding judge of the South Central Judicial District or her/his designee to file a proper application under [N.D.C.C. §] 29–32.1–04 where Everett succinctly and concisely establishes an exception to the statute of limitation under [N.D.C.C. §] 29–32.1–01(3) and is not subject to summary disposition under [N.D.C.C. §] 29–32.1–09. The State is relieved from responding to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit and, in writing, permits Everett's filing and requests a response.

In Everett, 2016 ND 78, ¶¶ 1, 22–24, 877 N.W.2d 796, we affirmed the district court's order, concluding the order did not violate Everett's due process rights.[1]

[¶ 4] On February 17, 2016, Everett moved the district court for permission to file newly discovered evidence and another post-conviction relief application claiming newly discovered evidence under N.D.C.C. § 29–32.1–01(3). In a March 2016 order, the court denied leave to allow the filings and dismissed the matter. The court explained:

Everett again alleges he was not provided information regarding a companion case, which led to the investigation leading to his conviction. The informa-

---

1. Although not applicable in this case, N.D. Sup. Ct. Admin. R. 58 was adopted effective March 1, 2017, "address[ing] vexatious litiga-tion, which impedes the proper functioning of the courts, while protecting reasonable access to the courts."

tion was referenced in the trial of the matter. Everett has on multiple occasions alleged this information is new evidence. Everett on every occasion has failed to show the alleged new evidence would have any bearing on the case and each time his motions have been meritless. The Court is not going to address this same information once again.

The Court has reviewed the new application and finds all of the alleged new allegations are meritless and Everett has previously brought these same matters before the Court in previous post-conviction applications.

The motion to file the matter is denied and the matter is dismissed.

## II

[¶ 5] Everett argues the district court should have allowed him to file his alleged newly discovered evidence and held an evidentiary hearing on his post-conviction relief application. He contends the court violated his due process rights by failing to grant him a hearing. He also asserts the State intentionally and knowingly allowed a police detective to give false testimony at his trial and failed to disclose certain documents before trial.

[¶ 6] We first decide, however, whether Everett's appeal from the district court's order denying him leave for further filings is properly before us. This Court must have jurisdiction to consider the merits of an appeal. City of Grand Forks v. Lamb, 2005 ND 103, ¶ 5, 697 N.W.2d 362; Choice Fin. Grp. v. Schellpfeffer, 2005 ND 90, ¶ 6, 696 N.W.2d 504. "The right to appeal is jurisdictional, and we will consider the appealability of an order on our own initiative even if neither party questions the appealability." Jordet v. Jordet, 2015 ND 73, ¶ 12, 861 N.W.2d 154; see also Lamb, at ¶ 5, State v. Steen, 2003 ND 116, ¶ 5, 665 N.W.2d 688; State v. Gwyther,

1999 ND 15, ¶ 17, 589 N.W.2d 575. Under N.D. Const. art. VI, § 6, "[a]ppeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law." We have consistently held the right to appeal in this state is "purely statutory" or is "solely" provided by statute. In re K.J., 2010 ND 46, ¶ 14, 779 N.W.2d 635; City of Grand Forks v. Riemers, 2008 ND 153, ¶ 5, 755 N.W.2d 99. "There is no federal or state constitutional right to an appeal." Riemers, at ¶ 5; see also K.J., at ¶ 14.

[¶ 7] Since the right to appeal is governed by statute, without a statutory basis to hear an appeal, this Court does not have jurisdiction and must dismiss the appeal. Jordet, 2015 ND 73, ¶ 13, 861 N.W.2d 154; Mann v. N.D. Tax Comm'r, 2005 ND 36, ¶ 7, 692 N.W.2d 490. "Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable." Jordet, ¶ 14 (citing Mann, at ¶ 8). We have also said that "[a]lthough '[s]tatutes conferring the right to appeal must be liberally construed to maintain the right to appeal,' the party appealing bears the burden of showing that the right to appeal comes within the language of a statute." State v. Moore, 2003 ND 83, ¶ 4, 662 N.W.2d 263 (quoting State v. Peterson, 334 N.W.2d 483, 484 (N.D. 1983)).

[¶ 8] Here, the district court's order denied Everett leave of court for further filings, essentially concluding Everett had failed to meet the conditions of the court's order that barred him from filing any further motions or pleading "in or related to" his criminal case. We have said that "[p]ost-conviction relief proceedings are civil in nature." Hamilton v. State, 2017 ND 54, ¶ 5, 890 N.W.2d 810. Under N.D.C.C. § 29–32.1–14, "[a] final judgment entered under this chapter [N.D.C.C. ch.

29–32.1, Uniform Postconviction Procedure Act] may be reviewed by the supreme court of this state upon appeal as provided by rule of the supreme court." Everett's present appeal is not from a final judgment under N.D.C.C. ch. 29–32.1, but is instead from the court's order denying him permission under the court's prior order barring further post-conviction relief filings relating to his criminal case.

[¶ 9] Section 28–27–02, N.D.C.C., generally provides what orders are reviewable on appeal in civil cases:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction....

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

(Emphasis added.)

[¶ 10] We conclude Everett has failed to establish a statutory right to appeal in this case. Rather, the district court order he has appealed, denying him leave for further filings, is more akin to an order dismissing a complaint without prejudice. Under N.D.C.C. § 28–27–02(1), an appeal may be taken from "[a]n order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." Generally, a dismissal without prejudice is not appealable because either party may commence another action after a civil complaint is dismissed without prejudice. Vogel v. Marathon Oil Co., 2016 ND 104, ¶ 6, 879 N.W.2d 471; Riemers v. Hill, 2014 ND 80, ¶ 8, 845 N.W.2d 364; Bell v. Pro Tune Plus, 2013 ND 147, ¶ 4, 835 N.W.2d 858. "[T]he order dismissing the action neither 'determines the action' nor 'prevents a judgment from which an appeal might be taken.'" Bell, at ¶ 4 (quoting Triple Quest, Inc. v. Cleveland Gear Co., Inc., 2001 ND 101, ¶ 7, 627 N.W.2d 379). "In such cases, the action frequently can be filed again in the district court without delay." Bell, at ¶ 4. However, a dismissal without prejudice may be final and appealable "when a plaintiff cannot cure the defect leading to dismissal, or when the dismissal has 'the practical effect of terminating the litigation in the plaintiff's chosen forum.'" Riak v. State, 2015 ND 120, ¶ 9, 863 N.W.2d 894 (quoting Rodenburg v. Fargo–Moorhead Y.M.C.A., 2001 ND 139, ¶ 12, 632 N.W.2d 407).

[¶ 11] In this case, the district court's order denying Everett's motion is analogous to a typical dismissal without preju-

dice. The order neither prevents Everett from "curing the defect" nor terminates the litigation. The order denies him approval to file the "newly discovered evidence" and new post-conviction relief application based on his failure to comply with the conditions set forth in the court's prior injunctive order. Everett is not precluded from again attempting to seek and receive approval to file a proper application in compliance with the prior order. Because the order appealed in this case does not affect a "substantial right," we conclude Everett has not established a statutory right to appeal under N.D.C.C. § 28–27–02.

[¶ 12] Everett's motion seeking permission to file additional pleadings and documents under the district court's prior injunctive order is a matter committed solely to the court's discretion. See, e.g., Holkesvig v. Grove, 2014 ND 57, ¶ 7, 844 N.W.2d 557 ("After the district court has issued such an injunction, the court's denial of a motion for leave to file further lawsuits or pleadings is akin to the denial of a motion for leave to amend a complaint, which we also review for an abuse of discretion."); Holkesvig v. Welte, 2012 ND 142, ¶ 6, 818 N.W.2d 760 (same); see also Holkesvig v. VandeWalle, 2016 ND 107, ¶ 15, 879 N.W.2d 728. Although in Grove and Welte, and to some extent VandeWalle, this Court reviewed orders denying motions for leave to file further lawsuits under an abuse of discretion standard, we did so within the context of other appealable orders. In this case, however, we are presented with a single district court order denying Everett permission to file under its prior order enjoining further filings, which has been affirmed on appeal. Everett, 2016 ND 78, ¶¶ 1, 22–24, 877 N.W.2d 796.

[¶ 13] We conclude Everett has not established a statutory basis to appeal from the order denying him leave to file further motions or pleadings in or related to his criminal case. Because the motion seeking the district court's permission for further filings is akin to a dismissal without prejudice and is committed to the court's sound discretion, we conclude Everett has failed to show the order affects a "substantial right" under either N.D.C.C. §§ 28–27–02 or 29–28–06. The present order from which Everett has attempted to appeal merely denies him the approval required under the prior injunctive order.

[¶ 14] We therefore conclude the order denying Everett leave of court to allow him further filings is not an appealable order. We dismiss the appeal.

### III

[¶ 15] The appeal is dismissed.

[¶ 16] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶ 17] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.