Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 162

Tilmer Paul Everett, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20140464

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Tilmer Everett, self-represented, P.O. Box 5521, Bismarck, N.D. 58506, petitioner and appellant; on brief.

Dawn M. Deitz, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent and appellee; on brief.

Everett v. State

No. 20140464

Per Curiam.

[¶1] Tilmer Everett appealed from district court orders summarily dismissing his application for post-conviction relief and denying his motion to substitute judge.  
In 2007, a jury convicted Everett of gross sexual imposition, and this Court affirmed the judgment.  
State v. Everett
, 2008 ND 126, 756 N.W.2d 344.  Since his conviction, Everett has filed numerous post-conviction relief applications, which have been denied.  
See
 
Everett v. State
, 2012 ND 189, 821 N.W.2d 385; 
Everett v. State
, 2011 ND 221, 806 N.W.2d 438; 
Everett v. State
, 2010 ND 226, 795 N.W.2d 37; 
Everett v. State
, 2010 ND 4, 789 N.W.2d 282; 
Everett v. State
, 2008 ND 199, 757 N.W.2d 530; 
see also
 
State v. Everett
, 2014 ND 191, 858 N.W.2d 652.  

[¶2] Everett contends in this appeal that the district court erred in denying his post-

conviction relief application, arguing that the court denied his right to a fair appeal in a previous appeal by not ruling on the State’s motion for protective order and ruling after the fact on discovery issues; that the State denied his right to a fair trial in failing to disclose certain information and to provide a recording of a 911 call; and that the court erred in failing to hear his supplemental motion regarding withheld and newly-discovered evidence.  He also contends the court erred in denying his motion for a substitute judge, arguing that the court was biased and prejudiced regarding his motion to disqualify the judge, his motion to compel the State to transcribe two recorded phone calls, and in ruling the matter was res judicata.  

[¶3] We affirm under N.D.R.App.P. 35.1(a)(1), (6), and (7); 
Klose v. State
, 2008 ND 143, ¶ 10, 752 
N.W.2d
 192 (res judicata precludes claims or variations of claims raised in previous proceedings, and misuse of process precludes claims that could have been raised in a prior post-conviction proceeding or other proceeding).

[¶4] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers