2016 ND 78

Tilmer Paul EVERETT, Petitioner
and Appellant

v.

STATE of North Dakota, Respondent
and Appellee.

No. 20150269.

Supreme Court of North Dakota.

April 12, 2016.

Rehearing Denied May 26, 2013.

Tilmer P. Everett, self-represented, Bismarck, N.D., on brief.

Tessa M. Vaagen, Burleigh County State's Attorney, Bismarck, N.D., for respondent and appellee; on brief.

McEVERS, Justice.

[¶ 1] Tilmer Everett appeals from a district court order denying his application for post-conviction relief and barring him from filing further motions or pleadings without leave of the district court. We affirm.

I

[¶ 2] In 2007, a jury convicted Everett of gross sexual imposition. He appealed, arguing the State violated his constitutional right to remain silent, the court erred by failing to admonish the jury before taking two recesses during trial, and there was insufficient evidence to support his conviction. This Court affirmed the judgment. *State v. Everett*, 2008 ND 126, 756 N.W.2d 344.

[¶ 3] In June 2007, Everett applied for post-conviction relief, alleging ineffective assistance of counsel and prosecutorial misconduct. Everett later amended his application for post-conviction relief, alleging twelve counts of prosecutorial misconduct and fourteen counts of ineffective assistance of counsel. The State moved for summary dismissal. The district court denied Everett's application, finding no genuine issues of material fact existed and the State was entitled to a judgment as a matter of law. Everett appealed, and this Court affirmed. *Everett v. State*, 2008 ND 199, 757 N.W.2d 530.

[¶ 4] In March 2009, Everett filed a second application for post-conviction relief, claiming a law enforcement officer gave false and perjured testimony during his trial. The district court denied Everett's application, and Everett did not appeal that decision.

[¶ 5] In June 2009, Everett filed a third application for post-conviction relief. The district court denied his application. Everett appealed, arguing the State failed to disclose evidence favorable to him, the State used evidence obtained from an unlawful arrest, and there was a conspiracy to commit fraud and perjury. We affirmed the district court's decision. *Everett v. State*, 2010 ND 4, 789 N.W.2d 282.

[¶ 6] In May 2010, Everett filed his fourth application for post-conviction relief. The district court denied his application. Everett appealed, arguing he was denied effective assistance of counsel in his direct appeal, his conviction was obtained by the unconstitutional failure of the State to disclose evidence favorable to him, and the conviction was obtained by the use of evidence from an unlawful arrest. We affirmed the district court's decision. *Everett v. State*, 2010 ND 226, 795 N.W.2d 37.

[¶ 7] In June 2011, the district court dismissed Everett's fifth application for post-conviction relief, and denied a subpoena request and a motion to recuse or remove the district court judge involved in the proceedings. Everett appealed, argu-

ing there was "new evidence" about weather conditions and the status of the Ward County Courthouse in 2006, the district court "distorted the facts made" in his affidavit requesting the subpoena, and the district court judge should be "recused or removed from my case file ... due to his prejudice and bias[.]" We affirmed the district court's decisions. *Everett v. State*, 2011 ND 221, 806 N.W.2d 438.

[¶ 8] In January 2012, Everett filed a sixth application for post-conviction relief, which the district court summarily dismissed. On appeal, he argued the district court was prejudiced against him, the court erred by refusing to consider the grounds asserted in his application for post-conviction relief, and the court violated his due process rights by denying his motion for recusal. We affirmed the district court's decision. *Everett v. State*, 2012 ND 189, 821 N.W.2d 385.

[¶ 9] In February 2014, Everett filed a petition in his criminal case alleging abuse of process and denial of his due process rights, arguing the district court improperly granted the State's demand for a change of judge in the early stages of the underlying criminal proceeding. The district court denied his petition, and this Court affirmed the district court's decision. *State v. Everett*, 2014 ND 191, 858 N.W.2d 652.

[¶ 10] In February 2013, Everett filed a seventh application for post-conviction relief and moved for a "substitute" judge. Everett later moved to amend his application, alleging there was newly discovered evidence, including recordings of two 911 telephone calls, and the State failed to disclose this evidence. The district court denied Everett's application and motion for a "substitute" judge. Everett appealed, arguing the court denied his right to a fair appeal in a previous appeal by not ruling on the State's motion for protective

order and ruling after the fact on discovery issues; the State denied his right to a fair trial by failing to disclose certain information and to provide recordings of the 911 calls; and the court erred by failing to hear his supplemental motion regarding withheld and newly-discovered evidence. He also asserted the court erred in denying his motion for a substitute judge, arguing the court was biased and prejudiced regarding his motion to disqualify the judge, his motion to compel the State to transcribe the two recorded 911 calls, and in ruling the matter was res judicata. We affirmed the district court's decisions. *Everett v. State*, 2015 ND 162, 870 N.W.2d 26.

[¶ 11] In June 2015, Everett filed his current application for post-conviction relief. He argued he was entitled to post-conviction relief under N.D.C.C. § 29–32.1–01(3)(a)(1) on the grounds of newly discovered evidence, including transcripts of the two 911 calls. He claimed the 911 calls were withheld and are newly discovered, they are extremely crucial and will establish reasonable doubt, the caller was present in the courtroom during his trial and left on multiple occasions, and he believes the caller was "tayloring [sic] witnesses testimony." He also argued he was denied effective assistance of counsel in prior post-conviction relief proceedings because his attorney did not contact or correspond with him about the case, did not contact him with information about the 911 calls, refused to transcribe the calls, and withheld the "disc" of the recorded calls.

[¶ 12] The State moved for summary disposition under N.D.C.C. §§ 29–32.1–06 and 29–32.1–09. The State argued there were no genuine issues of material fact and it was entitled to judgment as a matter of law, Everett's claims were barred by misuse of process and res judicata, the application was untimely because it was filed more than two years after Everett's

conviction became final, and none of the exceptions to the two-year limitation applied. The State also sought to bar Everett from filing any further motions or pleadings stemming from his conviction.

[¶ 13] The district court summarily dismissed Everett's application, finding the application was meritless and the same issues have previously been raised and denied. The court considered Everett's claims about newly discovered evidence and found:

> Everett alleges a 911 call from another investigation was not provided to him and this call would have changed the outcome of his trial. Everett also alleges the person who made the 911 call left the court room on multiple occasions during trial and this somehow prejudiced Everett.
>
> Everett does not provide to the Court how this evidence prejudiced him or did not allow a fair trial to proceed. As is the case in all of Everett's requests it is difficult to determine what he alleges deprived him of some right at trial. Everett has alleged in prior relief requests that his arrest was a mistake as the officers were looking for a different suspect in a different alleged rape.
>
> Everett was convicted of gross sexual imposition by force. Everett admitted to the sexual encounter, and alleged consent. The jury found otherwise and Everett continues to argue the discovery of his crime, while police were conducting another investigation somehow would change the outcome of his trial.
>
> This allegedly new information is the same or runs along the same lines as Everett has argued before in previous post conviction relief requests.

The court also found Everett's filings are repetitive, excessive, and cumbersome, and barred him from future filings without leave of the court. Everett appealed.

II

[¶ 14] Everett argues the district court erred in denying his application for post-conviction relief. He claims his right to a fair trial was violated because the State failed to disclose the recordings of the two 911 calls and his post-conviction attorney was ineffective for failing to transcribe the recordings.

[¶ 15] The petitioner bears the burden of establishing grounds for relief in post-conviction proceedings. *Chisholm v. State*, 2015 ND 279, ¶ 7, 871 N.W.2d 595. A district court may summarily deny an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. N.D.C.C. § 29–32.1–09(3). We review an appeal from a summary denial of post-conviction relief as we review an appeal from summary judgment. *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740. The party opposing the motion is entitled to all reasonable inferences to be drawn from the evidence and is entitled to a hearing if there is a genuine issue of material fact. *Id.* Questions of law are fully reviewable. *Id.*

[¶ 16] An application for post-conviction relief generally must be filed within two years of the date the conviction becomes final; however, a court may consider an application after the two-year limit has expired if "[t]he petition alleges the existence of newly discovered evidence, ... which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." N.D.C.C. § 29–32.1–01(2) and (3)(a). Although Everett applied for post-conviction relief more than two years after his conviction, he argues his petition is not untimely because the transcripts of the 911 calls are newly discovered evidence.

[¶ 17] An application for post-conviction relief based on newly discovered evidence is similar to a request for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *Wacht*, 2015 ND 154, ¶ 11, 864 N.W.2d 740. "To prevail on a motion for new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show: '(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.'" *Wacht*, at ¶ 11 (quoting *Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855). The defendant has not met the burden of proof if the newly discovered evidence is unlikely to change the result of the trial. *Wacht*, at ¶ 11.

[¶ 18] Everett alleges the transcripts of the two 911 calls are "newly discovered" evidence. The transcript of the first call included statements from the caller that a woman was at her door and was claiming she was injured, and the dispatcher stated someone would be sent to the caller's address. The transcript of the second call included statements from the caller that her daughter was raped the night before, her other daughter and a friend were talking to a guy named Tilmer, and she would like police to arrest him.

[¶ 19] Although Everett claims he did not have transcripts of the 911 calls when he filed prior applications for post-conviction relief, he admits issues about the calls were raised in a prior post-conviction proceeding. Issues related to the calls were raised in his previous post-conviction application. *See Everett v. State*, 2015 ND 162, ¶ 2, 870 N.W.2d 26. The phone calls are not newly discovered evidence.

[¶ 20] However, even if the transcripts were newly discovered evidence, Everett has not alleged the evidence would establish he did not engage in the criminal conduct. The district court found Everett did not explain how the newly discovered evidence prejudiced him. The court found Everett was convicted of gross sexual imposition by force, he admitted the sexual encounter happened but he alleged consent, the jury found he was guilty, and the new evidence supporting Everett's argument that his crime was discovered while police were conducting another investigation would not change the outcome of his trial. We agree. The evidence Everett alleges is newly discovered was not material to the issues at trial and was unlikely to change the result of Everett's trial. We conclude Everett failed to raise a genuine issue of material fact about his claim of newly discovered evidence and his application for post-conviction relief was untimely. The district court did not err in summarily dismissing Everett's application for post-conviction relief.

### III

[¶ 21] Everett also argues the district court erred in prohibiting him from future filings related to his gross sexual imposition conviction without the court's permission. He claims the court's order violates his due process rights.

[¶ 22] The district court found Everett's filings are repetitive, excessive, and cumbersome. The court ordered Everett may pursue his right to appeal, but he is barred from future filings without the court's permission, stating:

[H]e may not file any further motions or pleading in or related to his criminal action 08–06–K–1026 at the district court level, except after seeking and receiving approval of the presiding judge of the South Central Judicial District or her/

his designee to file a proper application under [N.D.C.C. § ] 29–32.1–04 where Everett succinctly and concisely establishes an exception to the statute of limitation under [N.D.C.C. § ] 29–32.1–01(3) and is not subject to summary disposition under [N.D.C.C. § ] 29–32.1–09. The State is relieved from responding to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit and, in writing, permits Everett's filing and requests a response.

█ [¶ 23] "Generally, state trial courts 'may take creative actions to discourage hyperactive litigators so long as some access to courts is allowed such as by limiting the amount of filings a litigant may make and prescribing conditions precedent to those filings.' " *State v. Holkesvig*, 2015 ND 105, ¶ 8, 862 N.W.2d 531 (quoting 42 Am. Jur. 2d *Injunctions* § 181 (2010)). This Court modified and affirmed similar orders prohibiting future filings in *Holkesvig*, at ¶¶ 7–12, and in *Wheeler v. State*, 2015 ND 264, ¶¶ 5–6, 872 N.W.2d 634. The district court used the language this Court required in *Holkesvig* and *Wheeler*. The order does not violate Everett's due process rights. We affirm the district court's order.

### IV

[¶ 24] We affirm the district court's order summarily dismissing Everett's application for post-conviction relief and barring Everett from future filings without leave of the district court.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.