Crothers, Justice.
 

 [¶ 1] Tilmer Everett appeals from a district court order denying his petition for post-conviction relief based on alleged newly discovered evidence. Everett argues the district court erred in denying his petition and denying his request for an evidentiary hearing. Everett is subject to an order prohibiting him from filing new or additional post-conviction relief claims, and we treat the district court's current order as denying Everett leave to file additional motions. Orders denying leave to file are not appealable. We dismiss Everett's appeal.
 

 I
 

 [¶ 2] In 2007 a jury found Everett guilty of gross sexual imposition. This Court affirmed the conviction in
 
 State v. Everett
 
 ,
 
 2008 ND 126
 
 ,
 
 756 N.W.2d 344
 
 . Everett unsuccessfully filed numerous applications for post-conviction relief.
 
 Everett v. State
 
 ,
 
 2016 ND 78
 
 , ¶ 24,
 
 877 N.W.2d 796
 
 ,
 
 reh'g denied
 
 May 26, 2016;
 
 Everett v. State
 
 ,
 
 2015 ND 162
 
 ,
 
 870 N.W.2d 26
 
 ;
 
 Everett v. State
 
 ,
 
 2012 ND 189
 
 ,
 
 821 N.W.2d 385
 
 ;
 
 Everett v. State
 
 ,
 
 2011 ND 221
 
 ,
 
 806 N.W.2d 438
 
 ;
 
 Everett v. State
 
 ,
 
 2010 ND 226
 
 ,
 
 795 N.W.2d 37
 
 ;
 
 Everett v. State
 
 ,
 
 2010 ND 4
 
 ,
 
 789 N.W.2d 282
 
 ;
 
 Everett v. State
 
 ,
 
 2008 ND 199
 
 , ¶ 32,
 
 757 N.W.2d 530
 
 ,
 
 reh'g denied
 
 Dec. 16, 2008;
 
 see also
 

 State v. Everett
 
 ,
 
 2014 ND 191
 
 ,
 
 858 N.W.2d 652
 
 .
 

 [¶ 3] In August 2015 the district court issued an order barring Everett from future filings without the court's permission. The order states in relevant part:
 

 "[Everett] may not file any further motions or pleading[s] in or related to his criminal action 08-06-K-1026 at the district court level, except after seeking and receiving approval of the presiding judge of the South Central Judicial District or her/his designee to file a proper application under [ N.D.C.C. §] 29-32.1-04 where Everett succinctly and concisely establishes an exception to the statute of limitation under [ N.D.C.C. §] 29-32.1-01(3) and is not subject to summary disposition under [ N.D.C.C. §] 29-32.1-09. The State is relieved from responding to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit and, in writing, permits Everett's filing and requests a response."
 

 Everett
 
 ,
 
 2016 ND 78
 
 , ¶ 22,
 
 877 N.W.2d 796
 
 . This Court affirmed the August 2015 order, concluding it met the requirements in
 
 State v. Holkesvig
 
 ,
 
 2015 ND 105
 
 , ¶¶ 7-12,
 
 862 N.W.2d 531
 
 , and
 
 Wheeler v. State
 
 ,
 
 2015 ND 264
 
 , ¶¶ 5-6,
 
 872 N.W.2d 634
 
 .
 
 Everett
 
 ,
 
 2016 ND 78
 
 , ¶ 23,
 
 877 N.W.2d 796
 
 . After the 2016 order restricting further filings, Everett submitted two additional applications. The district court denied him leave to file. This Court dismissed the appeals because an order denying a motion to file newly discovered evidence and an order denying leave to file an application are not appealable.
 
 Everett v. State
 
 ,
 
 2017 ND 111
 
 , ¶ 5,
 
 893 N.W.2d 506
 
 ;
 
 Everett
 
 ,
 
 2017 ND 93
 
 , ¶ 14,
 
 892 N.W.2d 898
 
 .
 

 [¶ 4] Under terms of the district court's August 2015 order, Everett needed leave of the district court to file further papers or pleadings in the current case. On May 23, 2017 Everett sent the court a "motion
 for permission to do petition for relief in pursuant to N.D.C.C. 29-32.1-01(e)," which the district court interpreted as a request for leave to file a petition for post-conviction relief. As required under the August 2015 order, upon receipt of Everett's papers the district court was required to determine whether "Everett succinctly and concisely establishes an exception to the statute of limitation under [ N.D.C.C. §] 29-32.1-01(3) and is not subject to summary disposition under [ N.D.C.C. §] 29-32.1-09."). Despite the need to do so, the district court took no action on Everett's motion for leave to file.
 

 [¶ 5] On September 25, 2017 Everett sent the court "a motion in the district court April 4, 2017 to prosecute case no. 06-9417 as pursuant to N.D.C.C. 11-16-06. What's going on? (Probable Cause has been Disclosed)." Again the district court did not act on the motion as required under the August 2015 order. On October 2, 2017 Everett sent the court a motion for post-conviction relief and affidavit in support of his motion. Everett's application alleged the State and district court purposefully withheld evidence to wrongfully imprison him. The affidavit alleges exculpatory or recanting statements made by the victim in 2006. The State did not respond to Everett's filings, as permitted under the district court's August 2015 order. ("The State is relieved from responding to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit and, in writing, permits Everett's filing and requests a response.").
 

 [¶ 6] On November 1, 2017 the district court issued an order summarily denying Everett's petition for post-conviction relief. The district court issued that order without first finding Everett satisfied the pre-filing requirements of the district court's August 2015 order, without first notifying the State in writing that Everett's papers would be filed and without giving the State an opportunity to respond. Rather, the district court's order stated:
 

 "Everett has on multiple occasions alleged this information is new evidence. Everett on every occasion has failed to show the alleged new evidence would have any bearing on the case and each time his motions have been meritless. The Court is not going to address this same information once again.
 

 "The Court has reviewed the new application and finds all of the alleged new allegations are meritless and Everett has previously brought these same matters before the Court in previous post-conviction applications.
 

 "Everett alleges under N.D.C.C. [§] 29-32.1-01 even though the two years to file post-conviction relief has passed, this new evidence warrants a review of his post-conviction request. The Court finds this is not new evidence, simply the same argument Everett has consistently used through his appeal and post-conviction efforts.
 

 "The petition for post-conviction relief is denied.
 

 "All motions brought by Everett to file new evidence with this Court are denied."
 

 The order neither cites the August 2015 order requiring leave of court nor expressly mentions either of Everett's motions seeking leave to file. Everett appeals.
 

 II
 

 [¶ 7] This case is virtually identical to
 
 Everett
 
 ,
 
 2017 ND 111
 
 ,
 
 893 N.W.2d 506
 
 , which involved a "motion requesting permission to file newly discovered evidence" and an application for post-conviction relief. The district court's August 2015 order barring Everett from filing without leave
 likewise applied to that case.
 
 Id.
 
 at ¶ 3. There, we concluded "the district court's order denying Everett's motion to file newly discovered evidence is not appealable."
 
 Id.
 
 at ¶ 5 ;
 
 see
 

 Everett
 
 ,
 
 2017 ND 93
 
 , ¶ 14,
 
 892 N.W.2d 898
 
 ("[T]he order denying leave of court to allow Everett further filings was not an appealable order."). The wording in the district court's order in
 
 Everett
 
 ,
 
 2017 ND 111
 
 ,
 
 893 N.W.2d 506
 
 , was the same as the order at issue here: "The petition for post-conviction relief is denied. All motions brought by Everett to file new evidence with this Court are denied."
 

 [¶ 8] Everett argues the district court erred in dismissing his motion to obtain evidence from the State. To a limited degree, we agree with Everett that the district court did not follow the proper procedure. The district court should not have ruled on the merits of Everett's post-conviction relief claims. Instead it was required to make a pre-filing determination, consistent with the August 2015 order, whether Everett's "motions or pleading[s] ... succinctly and concisely establish[ ] an exception to the statute of limitation under [ N.D.C.C. §] 29-32.1-01(3) and [are] not subject to summary disposition under [ N.D.C.C. §] 29-32.1-09." Everett asked the district court to do just that by way of motions dated May 23, 2017, and September 25, 2017. The district court did not act on either motion for leave to file before denying Everett's substantive claim.
 

 [¶ 9] If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply.
 
 See
 

 McCullough v. Swanson
 
 ,
 
 245 N.W.2d 262
 
 , 265 (N.D. 1976) ("We cannot permit the court's previous admonitions to be disregarded or to be treated as a
 
 bruten
 
 [sic]
 
 fulmen
 
 (empty noise) which is what it would be if we were to merely repeat a threat to enforce.").
 

 [¶ 10] In this case the district court summarily dismissed Everett's new post-conviction relief claims after concluding his allegations simply restate arguments that have been rejected in prior proceedings. With that finding, we can conclude as a matter of law that Everett did not meet the meritorious claim requirement in the August 2015 order. Therefore, we treat the district court's disposition as a denial of a request for leave to file. Denial of leave to file is not appealable, and we dismiss Everett's appeal.
 
 See
 

 Everett,
 

 2017 ND 111
 
 , ¶ 5,
 
 893 N.W.2d 506
 
 ;
 
 Everett
 
 ,
 
 2017 ND 93
 
 , ¶ 14,
 
 892 N.W.2d 898
 
 .
 

 III
 

 [¶ 11] Everett appeals the district court's denial of his latest application for post-conviction relief. Because Everett cannot file new papers or pleadings without leave of court, we treat the district court's current order as one denying Everett leave to file additional claims. Orders denying leave to file are not appealable. We dismiss Everett's appeal.
 

 [¶ 12] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.