FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 257

Tilmer Everett,                                    Petitioner and Appellant

v.

State of North Dakota,                              Respondent and Appellee

## No. 20200099

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Tilmer Everett, self-represented, Bismarck, N.D., petitioner and appellant; submitted on brief.

Karlei K. Neufeld, Assistant State's Attorney, and Jamie Schaible, under the Rule on Limited Practice of Law by Law Students, Bismarck, N.D., for respondent and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   Tilmer Everett appeals a district court order denying his petition for postconviction relief based on allegedly newly discovered evidence. Everett argues that the court erred in denying his petition and dismissing his related motions. We treat the district court's current order as denying Everett leave to file additional motions. Orders denying leave to file are not appealable. We dismiss Everett's appeal.

I

[¶2]   In 2007 a jury found Everett guilty of gross sexual imposition. This Court affirmed the conviction in *State v. Everett*, 2008 ND 126, 756 N.W.2d 344. Everett unsuccessfully filed numerous applications for postconviction relief. *Everett v. State*, 2016 ND 78, ¶ 24, 877 N.W.2d 796, *reh'g denied* May 26, 2016; *Everett v. State*, 2015 ND 162, 870 N.W.2d 26; *Everett v. State*, 2012 ND 189, 821 N.W.2d 385; *Everett v. State*, 2011 ND 221, 806 N.W.2d 438; *Everett v. State*, 2010 ND 226, 795 N.W.2d 37; *Everett v. State*, 2010 ND 4, 789 N.W.2d 282; *Everett v. State*, 2008 ND 199, ¶ 32, 757 N.W.2d 530, *reh'g denied* Dec. 16, 2008; *see also State v. Everett*, 2014 ND 191, 858 N.W.2d 652.

[¶3]   In August 2015 the district court barred Everett from future filings without leave of the court. The order states in relevant part:

> "[Everett] may not file any further motions or pleading[s] in or related to his criminal action 08-06-K-1026 at the district court level, except after seeking and receiving approval of the presiding judge of the South Central Judicial District or her/his designee to file a proper application under [N.D.C.C. §] 29-32.1-04 where Everett succinctly and concisely establishes an exception to the statute of limitation under [N.D.C.C. §] 29-32.1-01(3) and is not subject to summary disposition under [N.D.C.C. §] 29-32.1-09. The State is relieved from responding to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit, and, in writing, permits Everett's filing and requests a response.

*Everett v. State*, 2016 ND 78, ¶ 22, 877 N.W.2d 796. This Court affirmed the decision. *Id.* at ¶ 24. This Court held three subsequent cases were not appealable. *Everett v. State*, 2017 ND 111, 893 N.W.2d 506; *Everett v. State*, 2017 ND 93, 892 N.W.2d 898; *Everett v. State*, 2018 ND 114, 910 N.W.2d 835.

[¶4] Under the terms of the district court's August 2015 order, Everett needed leave of the district court to file any documents relating to his criminal case. On July 10, 2019, Everett sent the court both a postconviction relief application and a motion including a request for "approval to file a proper petition for post-conviction relief under N.D.C.C. 29-32.1-04." Under the August 2015 order, upon receipt of Everett's papers the district court should have determined prior to filing whether "Everett succinctly and concisely establishes an exception to the statute of limitation under [N.D.C.C. §] 29-32.1-01(3) and is not subject to summary disposition under [N.D.C.C. §] 29-32.1-09."

[¶5] In a September 24, 2019 order, the district court stated:

> Everett is under the false impression he does not have to ask permission to file anymore. He is wrong. This matter is dismissed for Everett's failure to request permission to file a new action.

The order did not mention Everett's motion for permission, but went on to deny the petition on the merits:

> Even with the dismissal in the prior paragraph, the Court did review Everett's new request alleging he has discovered new evidence. . . .
> . . . .
> The Court, in viewing what Everett alleges is new evidence, finds Everett has failed to show there is a reasonable inference that would raise a genuine issue of material fact; therefore, he is not entitled to a hearing. . . .
> Everett alleges under N.D.C.C. [§] 29-32.1-01 even though the two years to file post-conviction relief has passed, this new evidence warrants a review of his post-conviction request. The Court finds this is not new evidence, simply the same argument Everett has consistently used through his appeal and post-conviction efforts.
> The petition for post-conviction relief is denied.

2

[¶6] On January 23, 2020, the district court entered judgment summarily denying Everett's application for postconviction relief. Everett now appeals that judgment.

II

[¶7] This case is similar to *Everett*, 2018 ND 114, 910 N.W.2d 835, which involved a "motion for permission to do petition for relief in pursuant to N.D.C.C. [§] 29-32.1-01(1)(e)" and an application for postconviction relief. The district court's August 2015 order barring Everett from filing without leave likewise applied to that case. *Id.* at ¶ 7. There, we treated "the district court's current order as one denying Everett leave to file additional claims" and dismissed Everett's appeal because "[o]rders denying leave to file are not appealable." *Id.* at ¶ 11. The court's order in that case was similar to the order at issue here: "The petition for post-conviction relief is denied. All motions brought by Everett to file new evidence with this Court are denied." *Id.* at ¶ 7.

[¶8] Everett argues the district court erred in denying his motion for permission to file and dismissing his application for postconviction relief. The court did not follow the procedure set out in its pre-filing order. First, the court erroneously stated that Everett had not requested permission to file. He had. The district court may deny filing without a request for permission to file or a district court determination that the application may have merit by "succinctly and concisely establish[ing] an exception to the statute of limitation under [N.D.C.C. §] 29-32.1-01(3) and is not subject to summary disposition under [N.D.C.C. §] 29-32.1-09." *Everett*, 2018 ND 114, ¶ 8, 910 N.W.2d 835.

[¶9] Here, the court should not have ruled on the merits of Everett's postconviction relief claims. "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply." *Id.* at ¶ 9 (citation omitted). In this case the district court summarily dismissed Everett's new postconviction relief claims after determining that his allegations simply restated arguments that have been rejected in prior proceedings and are not new evidence. On the basis of that

3

finding, we can conclude as a matter of law that Everett did not meet the meritorious claim requirement in the August 2015 order. Therefore, we treat the court's disposition as a denial of a request for leave to file. Denial of leave to file is not appealable, and we dismiss Everett's appeal. *See Everett*, 2018 ND 114, ¶ 10, 910 N.W.2d 835; *Everett*, 2017 ND 111, ¶ 5, 893 N.W.2d 506.

## III

[¶10] Because Everett cannot file new papers or pleadings without leave of court, we treat the district court's current order as one denying Everett leave to file additional claims. Orders denying leave to file are not appealable. We dismiss Everett's appeal.

[¶11] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte