# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 182

Leroy Kenneth Wheeler,                         Petitioner and Appellant

  v.

State of North Dakota,                         Respondent and Appellee

### Nos. 20210167, 20210168, 20210169

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

LeRoy K. Wheeler, Bismarck, ND, self-represented, petitioner and appellant; submitted on brief.

Justine S. Hesselbart, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**Crothers, Justice.**

[¶1]  LeRoy Wheeler appeals from a district court order denying his applications for postconviction relief. Wheeler is subject to an order prohibiting him from filing new postconviction relief applications without leave of court. We treat the district court's order as one denying Wheeler leave to file new applications. Orders denying leave to file are not appealable, and appeal is dismissed.

I

[¶2]  In 2005, Wheeler was convicted of gross sexual imposition, encouraging the deprivation of a minor, and contributing to the delinquency of a minor. Wheeler appealed, and his convictions were affirmed. *State v. Wheeler*, 2006 ND 95, ¶ 4, 719 N.W.2d 384. Wheeler applied for postconviction relief in 2007 and 2015. Wheeler's applications were denied by the district court and affirmed on appeal. *Wheeler v. State*, 2008 ND 109, ¶ 18, 750 N.W.2d 446; *Wheeler v. State*, 2015 ND 264, ¶ 7, 872 N.W.2d 634.

[¶3]  When the district court dismissed Wheeler's 2015 postconviction relief application, it prohibited him from filing additional applications without leave of court. *Wheeler*, 2015 ND 264, ¶ 1. This Court affirmed and modified the district court's order on appeal:

> "We modify the district court's order to comport with N.D.C.C. ch. 29-32.1 as follows: (1) Wheeler can pursue his right to appeal to the North Dakota Supreme Court as provided by the North Dakota Rules of Appellate Procedure, but he may not file any further motions or pleadings in these cases at the district court level, except after seeking and receiving approval of the presiding judge of the Northeast Central Judicial District, or his designee, to file a proper application under N.D.C.C. § 29-32.1-04 where Wheeler succinctly and concisely establishes an exception to the statute of limitation under N.D.C.C. § 29-32.1-01(3) and is not subject to summary disposition under N.D.C.C. § 29-32.1-09; and (2) the State is relieved from any obligation to respond to any further

motions or pleadings filed in district court in these cases, unless the district court reviews the motion or pleading, determines it has merit and, in writing, permits Wheeler's filing and requests a response."

*Wheeler*, at ¶ 5.

[¶4]   In March 2021, Wheeler applied for postconviction relief in each of his criminal cases, alleging newly discovered evidence required the vacation of his convictions. He alleged the State presented false evidence to the jury.

[¶5]   The district court acknowledged the order prohibiting new filings by Wheeler; however, Wheeler's applications were accepted and filed because they were not "referred to the Court before being accepted to determine whether or not the Clerk should have even allowed Wheeler to file any further documents." The court found Wheeler "should not have been allowed to file these petitions without prior permission from the Court, and yet for some reason, he managed to again get his Petitions filed and reviewed, despite the Petitions lacking any merit." The district court then proceeded to review the merits of Wheeler's claims and found he did not present newly discovered evidence. The court ultimately denied Wheeler's applications, concluding he was reasserting claims he made at trial and in earlier applications for postconviction relief.

II

[¶6]   Wheeler appeals from the district court's order denying his applications for postconviction relief. Wheeler's appeal is similar to other appeals in which a litigant is subject to an order prohibiting new filings without leave of court. *See Everett v. State*, 2020 ND 257, 952 N.W.2d 95; *Everett v. State*, 2018 ND 114, 910 N.W.2d 835; *Everett v. State*, 2017 ND 111, 893 N.W.2d 506; *Everett v. State*, 2017 ND 93, 892 N.W.2d 898. In *Everett*, 2017 ND 93, ¶ 14, we concluded an "order denying [a litigant] leave of court to allow him further filings is not an appealable order."

[¶7]   In *Everett*, 2020 ND 257, ¶ 9; and *Everett*, 2018 ND 114, ¶ 8, despite the order prohibiting new filings without leave of court, the district court addressed the claims raised in the postconviction relief application. We held

"the court should not have ruled on the merits of Everett's postconviction relief claims." *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 8. "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply." *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 9. We treated the orders denying Everett's applications for postconviction relief as denials of a request for leave to file because the court concluded Everett's allegations simply restated arguments that had been rejected in earlier proceedings. *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10. We dismissed the appeals because denial of leave to file is not appealable. *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

[¶8] Here, the district court concluded Wheeler's applications should not have been filed, but then addressed the merits of Wheeler's newly discovered evidence claims. Rather than address the merits, the court should have treated Wheeler's applications as a request for "approval of the presiding judge of the Northeast Central Judicial District, or his designee, to file a proper application under N.D.C.C. § 29-32.1-04 where Wheeler succinctly and concisely establishes an exception to the statute of limitation under N.D.C.C. § 29-32.1-01(3) and is not subject to summary disposition under N.D.C.C. § 29-32.1-09." *Wheeler*, 2015 ND 264, ¶ 5.

[¶9] The district court dismissed Wheeler's application, finding "[h]e should not have been allowed to file these petitions without prior permission from the Court, and yet for some reason, he managed to again get his Petitions filed and reviewed, despite the Petitions lacking any merit." The district court also found the claims were "repetitive, frivolous, and barred by res judicata and collateral estoppel." The court stated "[e]ach of these claims that Wheeler is now proposing as 'newly discovered evidence' are not newly discovered evidence. They are in fact . . . simply variations of a theme and argument that Wheeler has been presenting, to the trial court and to the appeal court, since 2005." On the basis of the court's findings, we conclude as a matter of law that Wheeler did not meet the meritorious claim requirement in the 2015 order prohibiting him from filing new applications without leave of court. *See Everett*, 2020 ND

3

257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10. We treat the court's decision as a denial of a request for leave to file. Denial of leave to file is not appealable, and Wheeler's appeal is dismissed. *See Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

## III

[¶10] Because Wheeler cannot file new applications without leave of court, the district court's order is treated as one denying Wheeler leave to file. Because orders denying leave to file are not appealable, Wheeler's appeal is dismissed.

[¶11] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte