**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**AUGUST 18, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 161

Shannon R. Dieterle,

Plaintiff and Appellee

v.

Angela Dieterle, n/k/a Angela L. Hansen,

Defendant and Appellant

and

State of North Dakota,

Statutory Real Party in Interest

### No. 20220094

Appeal from the District Court of Sheridan County, South Central Judicial District, the Honorable David E. Reich, Judge.

DISMISSED IN PART AND AFFIRMED IN PART.

Opinion of the Court by Crothers, Justice.

Rodney E. Pagel, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Angela L. Hansen, Cowdrey, CO, defendant and appellant, self-represented; submitted on brief.

**Crothers, Justice.**

[¶1]   Angela Hansen appeals from orders denying her motion for an order to show cause and her demand for a change of judge. Hansen is subject to a standing order prohibiting her from filing new motions without permission of court. We treat the district court's orders as ones denying Hansen permission to file new motions. Orders denying permission to file are not appealable; therefore, that part of the appeal is dismissed. Hansen also appeals from the award of sanctions for violation of the standing order, and rejecting her demand for change of judge. On those issues, we affirm.

I

[¶2]   Hansen and Shannon Dieterle married in 2009 and have one child. The parties divorced in 2012, and Dieterle was awarded primary residential responsibility of the child. *Dieterle v. Dieterle*, 2013 ND 71, ¶ 12, 830 N.W.2d 571.

[¶3]   Following the parties' divorce, Hansen filed several motions primarily related to the district court's decisions on residential responsibility and parenting time. The court entered a standing order in April 2016 prohibiting Hansen from "filing any claim, motion, or document in Sheridan County, or in any other county, related to the issues of primary residential responsibility and/or parenting time regarding [the child], without first obtaining permission from the district court of the county in which she is attempting to file." The court entered the order due to the frivolous and duplicative nature of Hansen's motions.

[¶4]   In December 2021, Hansen moved for an order to show cause for contempt against Dieterle, claiming he violated the judgment's visitation provisions. Dieterle responded by asking the district court to deny the motion on its merits, and to award attorney's fees as a sanction for Hansen's violation of the standing order. The court denied Hansen's motion and found her motion

was frivolous. The court awarded Dieterle $1,500 in attorney's fees. Hansen then filed a demand for a change of judge, which was denied.

## II

[¶5] Hansen appeals from district court orders denying her motion for an order to show cause. In postconviction relief proceedings, we have addressed and dismissed appeals similar to Hansen's when a litigant is subject to an order prohibiting new filings without leave of court. *See Wheeler v. State*, 2021 ND 182, 965 N.W.2d 416; *Everett v. State*, 2020 ND 257, 952 N.W.2d 95; *Everett v. State*, 2018 ND 114, 910 N.W.2d 835; *Everett v. State*, 2017 ND 111, 893 N.W.2d 506; *Everett v. State*, 2017 ND 93, 892 N.W.2d 898. In dismissing those appeals, we concluded an "order denying [a litigant] leave of court to allow him further filings is not an appealable order." *Wheeler*, at ¶ 6 (quoting *Everett*, 2017 ND 93, ¶ 14).

[¶6] In *Wheeler* and *Everett*, the district court addressed the claims raised in the appellants' postconviction relief applications despite the orders prohibiting new filings without leave of court. *Wheeler*, 2021 ND 182, ¶ 8; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 8. We concluded the court should not have addressed the merits of the appellants' claims. *Wheeler*, at ¶ 8; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 8. With regard to prefiling orders, we have repeatedly stated, "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply." *Wheeler*, at ¶ 7 (quoting *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 9).

[¶7] In *Wheeler* and *Everett*, we treated the district courts' orders denying the appellants' applications for postconviction relief as denials of requests for leave to file because the court concluded the appellants' allegations restated arguments that had been rejected in earlier proceedings. *Wheeler*, 2021 ND 182, ¶ 9; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10. We dismissed the appeals because denial of leave to file is not appealable. *Wheeler*, at ¶ 9; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

[¶8]   Here, in its order denying Hansen's motion for an order to show cause, the district court recognized the standing order prohibiting further filings without the court's permission. The court also noted she "has not requested or obtained permission from the court to file a motion pertaining to residential responsibility and/or parenting time as required by the court's April 13, 2016 Amended Standing Order." Despite its recognition of the order prohibiting further filings from Hansen, the court denied her motion, finding she "has not provided any evidence that she has attempted to exercise supervised parenting time through the Family Safety Center as required by the court's order, nor has she provided any factual basis to support her contention that Shannon Dieterle has intentionally violated the parenting time provisions ordered by the court." The court also found Hansen's motion was frivolous, violated the standing order, and awarded $1,500 in attorney's fees.

[¶9]   Hansen did not obtain permission from the district court to file the motion for an order to show cause, which "related to the issues of primary residential responsibility and/or parenting time regarding [the child]." On the basis of the court's findings related to Hansen's motion, we treat the court's decision as a denial of a request for permission to file. To do otherwise would require us to conclude the court found both that Hansen's motion had sufficient merit to be filed under terms of the standing order, and that the same motion was frivolous and a violation of the standing order to such a degree as to permit sanctions. We will not engage in such judicial gymnastics.

[¶10] The standing order bars Hansen from filing motions related to the issues of primary residential responsibility or parenting time regarding her child without the district court's permission. The court's orders here are treated as ones denying Hansen permission to file. Denial of permission to file is not appealable. Therefore, Hansen's appeal of the denial of her motion for an order to show cause is dismissed. *See Wheeler*, 2021 ND 182, ¶ 9; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

III

[¶11] Hansen argues the district court erred by awarding Dieterle $1,500 in attorney's fees as a sanction for Hansen's violation of the standing order.

3

[¶12] The standing order prohibited Hansen from "filing any claim, motion, or document in Sheridan County, or in any other county, related to the issues of primary residential responsibility and/or parenting time" of the child without first obtaining leave of the district court. The order also provided penalties for failure to comply:

> "Failure to comply with this order will result in sanctions, including but not limited to costs and attorney fees incurred by any party required to respond to the impermissible filings, as well as additional monetary or other sanctions for contempt of court, as may be determined appropriate."

[¶13] A contempt order is immediately appealable. *Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 9, 910 N.W.2d 882. An order imposing sanctions may be appealable depending on whether the district court intended that the order be final. *See State ex rel. Olson v. Nelson*, 222 N.W.2d 383, 386 (N.D. 1974) (interlocutory order awarding attorney's fees not immediately appealable); *Viscito v. Christianson*, 2015 ND 97, ¶ 11, 862 N.W.2d 777 (imposition of sanctions was appealable even where dismissal of the case without prejudice was not appealable). If the attorney's fees award was a sanction other than contempt, the order was final because nothing related to the motion remained to be resolved. Therefore, whether the award of attorney's fees was contempt or sanction, Hansen is entitled to appeal the issue.

[¶14] "A court's finding of contempt will not be overturned on appeal unless there is a clear abuse of discretion." *Dieterle v. Dieterle*, 2016 ND 36, ¶ 17, 875 N.W.2d 479. "Sanctions imposed under a court's inherent power are reviewed under an abuse-of-discretion standard." *Riemers v. Hill*, 2016 ND 137, ¶ 10, 881 N.W.2d 624. "An abuse of discretion occurs when the court acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law." *Dieterle*, 2016 ND 36, ¶ 17.

[¶15] Here, the district court found Hansen did not seek approval to file her motion, as required by the standing order, and that on its face the motion was unsupported and without merit. The court also found Hansen's motion

required Dieterle to respond, thereby causing Dieterle to incur attorney's fees. On these facts, the court did not abuse its discretion in allowing Dieterle to recover attorney's fees.

IV

[¶16] Hansen argues the district court erred in denying her demand for a change of judge. She made the demand under N.D.C.C. § 29-15-21, and under several federal statutes that clearly are not applicable to state trial court judges and which warrant no further discussion.

[¶17] "Normally, an order denying a demand for change of judge by itself is a nonappealable order." *Adolph Rub Trust v. Rub*, 473 N.W.2d 442, 444 (1991). However, an interlocutory order can be considered on an appeal from a final order or judgment. *Id.* In *Rub*, as in this case, one of the demands for change of judge was made after trial. *Id.* The Court in *Rub* concluded his demand was properly denied as untimely. *Id.* at 445. Here, Hansen's demand was untimely because it was filed five days *after* the district court judge issued his order denying Hansen's motion to show cause. Therefore, Hansen's demand for change of judge was properly denied.

V

[¶18] We dismiss Hansen's appeal from the order denying permission to file a motion regarding primary residential responsibility or parenting time of the child. We affirm the district court's orders awarding attorney's fees for violation of the standing order, and rejecting her demand for change of judge.

[¶19] Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte