**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**DECEMBER 8, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 220

Leroy Wheeler,                                          Plaintiff and Appellant

v.

James Sayler; Dave Krabbenhoft;
Robyn T. Schmalenberger; Leann K.
Bertsch; Dustin Clausen; Kelsey
Schulz; Lacey Fischer; Heather
Davis,                                                 Defendants and Appellees

## No. 20220227

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

LeRoy K. Wheeler, self-represented, Bismarck, N.D., plaintiff and appellant; submitted on brief.

Jane G. Sportiello, Assistant Attorney General, Bismarck, N.D., for defendants and appellees; submitted on brief.

**Tufte, Justice.**

[¶1]   LeRoy Wheeler appeals from orders dismissing without prejudice his 42 U.S.C. § 1983 civil rights action against prison officials and denying his request for reconsideration. Because these orders are not appealable, we dismiss the appeal.

I

[¶2]   In February 2021, Wheeler commenced this § 1983 civil rights action against North Dakota State Penitentiary officials ("State") in the South Central Judicial District by serving a summons and complaint upon the State. Wheeler did not file the summons and complaint with the district court at that time, and has never served a notice of filing the complaint upon the State. In March 2021, Wheeler moved for a "continuance" to extend his time to reply to the State's "answer," which was served on Wheeler, but was never filed with the court.

[¶3]   In December 2021, the presiding judge of the Northeast Central Judicial District entered a N.D. Sup. Ct. Admin. R. 58 vexatious litigant pre-filing order against Wheeler. In *Wheeler v. State*, 2022 ND 97, 974 N.W.2d 386, we summarily affirmed the pre-filing order.

[¶4]   In February 2022, eleven months after Wheeler moved for a "continuance" in this case, the district court filed a "notice of intent to dismiss," stating the court's intent to dismiss the case without prejudice on its own motion unless a party requested, within three weeks, that the case remain open. None of the parties responded, and the court dismissed the action without prejudice. Wheeler requested reconsideration, alleging that he did not receive notice of intent to dismiss. The court denied the request to reconsider.

II

[¶5]   The State argues the order dismissing the case without prejudice is a non-appealable order.

[¶6] "Generally, an order dismissing a complaint without prejudice is not appealable." *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 10, 908 N.W.2d 108. "A dismissal without prejudice may be final and appealable, however, if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Id.* "A dismissal without prejudice is therefore appealable where a statute of limitations has run." *Id.* While Wheeler asserts the statute of limitations will bar him from refiling his claims, he does not provide the applicable statute of limitations. Under N.D.C.C. § 28-01-22.1, "When not otherwise specifically provided by law, an action against the state or its employees and officials acting within the scope of their employment or office must be commenced within three years after the claim for relief has accrued." Assuming without deciding this is the applicable statute of limitations,[1] Wheeler has three years to commence an action after the claim for relief has accrued. According to the complaint, the alleged civil rights violations occurred from September 2020 to November 2020. Thus, this statute of limitations on his claims would not run until September 2023 at the earliest.

[¶7] Wheeler also argues his vexatious litigant pre-filing order would effectively prevent him from refiling his case. The pre-filing order prohibits him from "filing any new litigation or any new documents in existing litigation" without first obtaining leave of the court. The court "may permit the filing of new litigation or any documents in existing litigation only if it appears the litigation or document has merit and has not been filed for the purpose of harassment or delay." If Wheeler fails to obtain prior written permission, the court may dismiss the action.

[¶8] In *Everett v. State*, 2017 ND 93, ¶¶ 13-14, 892 N.W.2d 898, we concluded that an order denying leave of court to file is akin to a dismissal without prejudice and is not an appealable order. In dismissing the appeal, we noted that the appellant "is not precluded from again attempting to seek and receive approval to file a proper application in compliance with the prior order." *Id.* at

---

[1] Wheeler states in his complaint that he is suing several prison officials "in and out of official capacity." However, none of their alleged actions are alleged to have occurred outside of their official capacities at the prison.

¶ 11. Similarly, under the pre-filing order, Wheeler is not prevented from seeking leave of the court to file a new case. The court may permit the filing if it appears the litigation has merit and has not been filed for the purpose of harassment or delay. Accordingly, Wheeler does not have a statutory basis to appeal the order of dismissal without prejudice.

## III

[¶9] Wheeler also appealed from the order denying his request for reconsideration. Although North Dakota law does not recognize motions to reconsider, if properly written and argued, the district court may treat a motion for reconsideration as a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or a motion for relief from a judgment under N.D.R.Civ.P. 60(b). *Richardson v. Richardson*, 2022 ND 185, ¶ 3.

[¶10] The State contends the order denying reconsideration is not an appealable order because Wheeler was subject to the pre-filing order when he requested reconsideration and thus was precluded from filing any new documents in existing litigation without first obtaining leave of the court. It is undisputed that Wheeler did not seek leave of the court to file his request for reconsideration. However, the district court did not reject the new filing or otherwise require compliance with the pre-filing order. Instead, in its order denying reconsideration, the court relied upon its previous reasoning that the parties failed to timely file a request to keep the case open.

[¶11] As we have stated before, including in Wheeler's previous appeal, the district court is required to make a pre-filing determination prior to ruling on a motion filed by a vexatious litigant. *See Wheeler v. State*, 2021 ND 182, ¶ 8, 965 N.W.2d 416; *Everett v. State*, 2020 ND 257, ¶ 9, 952 N.W.2d 95; *Everett v. State*, 2018 ND 114, ¶ 8, 910 N.W.2d 835. We state again, "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply." *Wheeler*, 2021 ND 182, ¶ 7; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 9. Nonetheless, we conclude as a matter of law that Wheeler's request for reconsideration did not satisfy the pre-

3

filing order requirement that new documents filed with the court have merit and have not been filed for the purpose of harassment or delay. Because Wheeler could not file new documents without first obtaining leave of the court, we treat the district court's order denying reconsideration as a denial of a request for leave to file. *Id.* A denial of leave to file is not appealable, and we dismiss Wheeler's appeal. *Everett*, 2018 ND 114, ¶ 10; *Everett*, 2020 ND 257, ¶ 9; *Wheeler*, 2021 ND 182, ¶ 9.

IV

[¶12] The appeal is dismissed.

[¶13] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte

4