FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 28, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 183

Kayla Jones,                                                        Petitioner

   v.

Mark Rath,                                    Respondent and Appellant

## No. 20230018

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable William A. Herauf, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Mark Rath, Bismarck, ND, respondent and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Mark Rath appeals from a district court order denying Kayla Jones' petition for a disorderly conduct restraining order. Rath lacks standing to appeal the favorable order because he prevailed in the district court. Rath also raises unappealable issues concerning an interlocutory order and motions that he as a vexatious litigant did not have court authorization to file. None of the issues Rath has raised are properly before this Court and the appeal is dismissed.

I

[¶2]   Jones filed a petition on behalf of the parties' child seeking a disorderly conduct restraining order against Rath. The South Central Judicial District Court entered an ex parte temporary restraining order. The presiding judge subsequently requested the case be reassigned to a judge in another district because all of the judges in the SCJD have disqualified themselves from matters relating to Rath. The case was reassigned to a judge from the Southwest Judicial District.

[¶3]   Rath, who is subject to a N.D. Sup. Ct. Admin. R. 58 vexatious litigant pre-filing order, requested permission to file a number of documents, including a cross-motion for a restraining order against Jones. The district court denied his request. Rath filed a second request for permission to file. He sought authorization to file a dismissal motion, a motion for sanctions, a demand for a change of judge, and a response brief. The court granted Rath's second request for permission to file. Rath filed a motion requesting dismissal and a finding that Jones is a vexatious litigant under N.D. Sup. Ct. Admin. R. 58. The court held a hearing, made findings on the record, and entered an order dismissing Jones' petition. Rath appeals.

[¶4]   Rath argues N.D.C.C. § 12.1-32.2-01, authorizing disorderly conduct restraining orders is unconstitutional as-applied in this case. He asserts Jones attempted to use a restraining order to violate his constitutional right to parent. However, a party must be aggrieved by the order to have standing to appeal from a district court's order. *Bell v. Pro Tune Plus*, 2013 ND 147, ¶ 5, 835 N.W.2d 858. "[O]nly a party or person aggrieved by a judgment or order of the district court can appeal from it to the Supreme Court." *Bernhardt v. Rummel*, 319 N.W.2d 159, 160 (N.D. 1982) (quoting *State v. Bakke*, 117 N.W.2d 689, 696 (N.D. 1962)). For purposes of appellate review, an aggrieved party is someone whose interests are adversely affected by a court's decision. *Interest of A.P.*, 2023 ND 39, ¶ 8, 987 N.W.2d 345. Rath is not an aggrieved party. The district court ruled in his favor and dismissed Jones' petition. Rath lacks standing to appeal the dismissal order.

[¶5]   Rath also challenges the district court's decision to issue a temporary restraining order. He claims the judges in the South Central Judicial District had no authority to issue the order because they all previously recused themselves from matters concerning him. The temporary restraining order is not a final appealable order. *See Devine v. Fitzpatrick*, 258 N.W.2d 247, 248 (N.D. 1977) ("An ex parte restraining order is not appealable . . . ."). The temporary restraining order was an interlocutory order subject to revision. *See Froehlich v. Froehlich*, 2021 ND 133, ¶ 8, 962 N.W.2d 588 (stating an interlocutory order may be revised prior to entry of a final judgment and is generally not appealable). The final order dismissing Jones' petition superseded the temporary restraining order. *See id.; see also Rebel v. Rebel*, 2013 ND 164, ¶ 9, 837 N.W.2d 351 (holding subsequent disorderly conduct restraining order superseded earlier orders). Therefore, the temporary restraining order is not appealable.

[¶6]   Rath asserts the district court erred by not addressing his motion to find Jones is a vexatious litigant. He also argues the court erred by not granting a disorderly conduct restraining order against Jones. These requests for relief were not properly before the court. Rath is a vexatious litigant. *See Burleigh*

*Cnty. Soc. Servs. Bd. v. Rath*, 2023 ND 12, ¶ 11, 985 N.W.2d 725. Under N.D. Sup. Ct. Admin. R. 58(3)(a), a vexatious litigant first must obtain leave of court before filing "any new documents in existing litigation." Rath was denied leave to file a motion for a disorderly conduct restraining order and did not have authorization under Rule 58 to file a motion concerning whether Jones is a vexatious litigant. Rath, who is subject to a pre-filing order, may not raise issues on appeal concerning motions he did not have authority to file. *See Wheeler v. Sayler*, 2022 ND 220, ¶ 8, 982 N.W.2d 573 (stating a decision denying leave to file is akin to dismissal without prejudice and not appealable).

## III

[¶7]   Rath's remaining arguments have been considered and we conclude they are either without merit or unnecessary to our decision. The appeal is dismissed.

[¶8]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.


[¶9]   The Honorable Allan L. Schmalenberger, S.J., sitting in place of Bahr, J., disqualified.